**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000021
15-DEC-2020
08:02 AM
Dkt. 81 SO**

NO. CAAP-18-0000021

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

ROBERT Y.H. KIM, Plaintiff, Deceased-Appellant,
and
SHERRI-MAE MONDINA IN HER CAPACITY AS TRUSTEE OF THE
ROBERT Y.H. KIM TRUST AND PERSONAL REPRESENTATIVE OF
THE ESTATE OF ROBERT Y.H. KIM, Plaintiff-Appellant, v.
MATTHEW S.K. PYUN, JR., A LAW CORPORATION, Defendant-Appellee,
and
JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10,
DOE CORPORATIONS 1-10, DOE GOVERNMENTAL ENTITIES 1-10,
and DOE OTHER ENTITIES 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 07-1-0495)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Wadsworth and Nakasone, JJ.)

Plaintiff-Appellant Sherri-Mae Mondina (**Mondina**), in her capacity as Trustee of the Robert Y.H. Kim Trust and as personal representative of the estate of Plaintiff Robert Y.H. Kim (**Kim**), appeals from the post-judgment (1) Findings of Fact, Conclusions of Law, Order Denying Plaintiff's Motion for Relief from Judgment (**Order Denying Relief from Judgment**), and (2)

Findings of Fact, Conclusions Of Law, Order Granting Defendant-Appellee Matthew S.K. Pyun, Jr., a Law Corporation's [(**Pyun's**)] Motion for a Supplemental Order to Aid in Execution of Real Property and for Issuance of a Writ of Execution (**Order re Execution**), both entered on December 13, 2017, by the Circuit Court of the First Circuit (**Circuit Court**).[1]

Mondina raises six points of error on appeal.  With respect to the Order Denying Relief from Judgment, Mondina contends that the Circuit Court erred in:  (1) finding and concluding that there was an agreement to arbitrate Pyun's claims against Kim for breach of a settlement agreement; (2) concluding that it had jurisdiction over Pyun's claims against Kim for breach of a settlement agreement; (3) rejecting Kim's argument that it was inequitable to enforce the September 30, 2009 Judgment for $220,268.05, entered in favor of Pyun and against Kim (**2009 Judgment**);[2] and (4) concluding that there were no extraordinary circumstances justifying Kim's request for relief from the 2009 Judgment.  With respect to the Order re Execution, Mondina contends that the Circuit Court erred in:  (1) concluding that Pyun was entitled to execution of the 2009 Judgment against Kim's residence held in trust; and (2) concluding that Hawaii Revised Statutes (**HRS**) § 560:3-812 (2018) did not bar the

---

[1]     The Honorable Dean E. Ochiai presided.

[2]     The 2009 Judgment resulted from the confirmation of an arbitration award regarding the aforementioned settlement agreement.

execution of the 2009 Judgment against Kim's residence after Kim's death.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Mondina's points of error as follows:

All of the issues raised in this appeal concern the enforceability of the 2009 Judgment. However, HRS § 657-5 (2016) operates as a statute of limitations on the enforcement of Hawaiʻi judgments. See Estate of Roxas v. Marcos, 121 Hawaiʻi 59, 66, 69, 214 P.3d 598, 605, 608 (2009). HRS § 657-5 provides, in relevant part:

> **§ 657-5 Domestic judgments and decrees.** Unless an extension is granted, every judgment and decree of any court of the State shall be presumed to be paid and discharged at the expiration of ten years after the judgment or decree was rendered. . . . No extension of a judgment or decree shall be granted unless the extension is sought within ten years of the date the original judgment or decree was rendered.

More than ten years have passed since the entry of the 2009 Judgment. No amended judgment was entered thereafter. No extension of the 2009 Judgment was sought within ten years of the date of the 2009 Judgment. No stay of execution pending appeal was granted.[3] Therefore, pursuant to HRS § 657-5, the 2009 Judgment is presumed to be paid and is discharged. See generally United Pub. Workers v. Houghton, 139 Hawaiʻi 138, 144–45, 384

---

[3] "[B]ecause the mere filing of a notice of appeal does not affect the validity of a judgment, the circuit court retains jurisdiction to enforce the judgment." TSA Int'l, Ltd. v. Shimizu Corp., 92 Hawaiʻi 243, 265, 990 P.2d 713, 735 (1999).

P.3d 914, 920-21 (App. 2016).  Moreover, "[i]f the judgment creditor fails to secure the extension within the ten years, the judgment and all the rights and remedies appurtenant to that judgment terminate."  Int'l Sav. & Loan Ass'n, Ltd. v. Wiig, 82 Hawaiʻi 197, 199, 921 P.2d 117, 119 (1996).  Accordingly, the 2009 Judgment is no longer viable and enforceable, and thus, this appeal is moot.

For these reasons, this appeal from the Circuit Court's December 13, 2017 Order Denying Relief from Judgment and Order re Execution is dismissed as moot.

DATED: Honolulu, Hawaiʻi, December 15, 2020.

On the briefs:

F. Steven Pang,
John Winnicki,
for Plaintiff,
Deceased-Appellant, and
Plaintiff-Appellant.

Francis T. O'Brien,
for Defendant-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge